IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| THEODORE KHNANISHO | § § § | |
| vs. | § § | CASE NO. 6:22-cv-410-JDK-KNM |
| CHIEF REID ROSSMANN, *et al.* | § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Theodore Khnanisho, proceeding *pro se*, initiated the above-styled lawsuit seeking relief pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, as well as state law. The case is referred to the undersigned pursuant to 28 U.S.C. § 636. Before the Court is Defendant Henderson County, Texas,' and Henderson County District Attorney Jenner Palmer's Motion to Dismiss Plaintiff's First Amended Complaint (ECF 39). Having reviewed and considered the briefing, the Court recommends that the motion be **GRANTED**.

**Background**

Plaintiff initiated this lawsuit against Chief Reid Rossmann, Sergeant Amy Meyers, Officer Justin Quick, Officer Todd Deviney, City Administrator Julius Kizzee, Henderson County District Attorney Jenny Palmer, City of Tool and Henderson County. Plaintiff states that he worked as a police officer for the City of Tool from April 18, 2022 to July 25, 2022. Plaintiff alleges that he was forced to resign his position.

Leading up to his resignation, Plaintiff explains that he was in training with Officer Deviney monitoring traffic violations when they observed Officer Quick speeding. Plaintiff alleges that Officer Quick refused to stop, struck the patrol vehicle and then attempted to flee by making a U-turn. Plaintiff states that Chief Rossmann instructed him to take Officer Quick's badge, city ID card, and weapon and to notify the Department of Public Safety about the events

1

that occurred, including that a minor was in Officer Quick's vehicle. He alleges that Chief Rossmann was under the influence of alcohol at the time of these instructions. According to Plaintiff, the next day, May 26, 2022, Chief Rossmann ordered him to complete paperwork for criminal charges against Officer Quick for evading arrest/detention and endangering a child that he could take to the District Attorney, Jenny Palmer.

Some time prior to the encounter with Officer Quick, Plaintiff states that he reported unprofessional conduct by Officer Deviney. Plaintiff alleges that he witnessed physical contact and a possible affair between Officer Deviney and Sergeant Meyers, but Sergeant Meyers refused to move forward on his complaint. Plaintiff also submits that Chief Rossmann and Sergeant Meyers ignored a duty to report earned hours of service for his TCOLE license in retaliation for his complaint of unprofessional behavior.

Plaintiff alleges that Sergeant Meyers stopped communicating with him after he submitted the charges against Officer Quick because she was close to Officer Quick. Plaintiff asserts that Chief Rossmann and City Administrator Kizzee approached him in July 2022 to inform him that his employment was being terminated. Plaintiff states that he was told that Officer Quick filed a complaint against him, although he was never provided a copy, and he was told he needed to resign if he wanted an "honorable discharge."[1]

Plaintiff states that he later followed up with Palmer to check the status of the charges against Officer Quick. Plaintiff complains that Palmer told him she would not be pursuing charges because she did not see any violations. Plaintiff disagrees and submits that audio and video recordings show Officer Quick's violations.

Plaintiff asserts that he is entitled to relief pursuant to 42 U.S.C. § 1983 because Defendants acted together to violate his constitutional rights. He alleges that Chief Rossmann "was callously

---

[1] See Complaint, ECF 1, at *8.

indifferent" to supervising and training subordinates and caused Sergeant Meyers, Officer Quick and Officer Deviney to violate his constitutional rights.[2] Plaintiff contends that Chief Rossmann and Kizzee wrongly prioritized their personal relationships with Defendants when they forced him to resign. Plaintiff submits that the City of Tool "encouraged, tolerated, and ratified" Defendants' conduct and acted "deliberately indifferent to . . . policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline."[3]

Henderson County filed a motion to dismiss seeking dismissal pursuant to FED. R. CIV. P. 12(b)(5) for insufficient service of process because Plaintiff improperly attempted to serve process himself and improperly served an assistant district clerk (ECF 21). Henderson County additionally sought dismissal pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. Separately, Defendant Henderson County District Attorney Jenny Palmer sought dismissal for insufficient service of process and failure to state a claim due to absolute prosecutorial immunity or, alternatively, qualified immunity (ECF 6). The Court issued two Reports and Recommendations recommending that both motions be granted (ECF 22, 27). Plaintiff subsequently filed an Amended Complaint while the Reports were pending (ECF 29). The filing of the amended pleading mooted the pending motions to dismiss. See Order, ECF 40.

In his amended complaint, Plaintiff states that he brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as Title VII, 18 U.S.C. § 371 and state law. Plaintiff re-asserts his allegations that Officer Quick violated the law and that he was justified in filing charges against him. Plaintiff submits that he was retaliated against for reporting unprofessional conduct to Sergeant Meyers and that Defendants conspired to prevent him from performing his duties. Plaintiff further asserts that he was retaliated against after participating in an activity protected by

---

[2] *Id*. at *24.
[3] *Id*. at *26.

Title VII. Plaintiff complains that Defendants Rossmann and Kizzee refused to provide him with a copy of the complaint that Officer Quick allegedly filed against him, rendering any disciplinary action against him improper.

Defendants Henderson County, Texas ("Henderson County"), and Henderson County District Attorney Jenny Palmer ("Palmer") filed a motion to dismiss the amended complaint (ECF 39). Defendants argue that service is insufficient and ineffective because Plaintiff improperly attempted to serve process himself. Next, Defendants submit that Palmer is entitled to absolute prosecutorial immunity or, alternatively, qualified immunity. Finally, Defendants assert that Plaintiff has not identified a policy, custom or practice of Henderson County that violated his constitutional rights.

Plaintiff submits that state law permits him to serve defendants by mail. He asserts that Palmer is not entitled to absolute or qualified immunity because she "recklessly and intentionally failed to proceed in bring[ing] the Defendant Quick['s] case to a Grand Jury as required," and neglected her duties as a district attorney.[4] Plaintiff alleges that Henderson County has "allowed these Defendants to retaliate[] and damage [his] reputation," and Palmer allegedly knew he was wrongfully terminated but allowed it to continue.[5]

Defendants filed a reply again asserting that the Federal Rules of Civil Procedure do not permit service by a party to the case, yet summons was delivered in this case by certified mail directly from Plaintiff. Even if service was proper, Defendants aver that Palmer is entitled to absolute prosecutorial immunity and/or qualified immunity and that Plaintiff has not alleged any facts showing a constitutional violation resulting from a county policy, custom, or practice.

---

[4] Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, ECF 46, at *2, 7.
[5] *Id*. at *17.

Plaintiff filed a sur-reply arguing again that state law allows him to serve Defendants himself, that his rights have been clearly violated, that he has alleged sufficient facts to overcome Palmer's defense of immunity and that Palmer neglected her duties as a legal representative of the county. Plaintiff complains that Henderson County has not "bothered to exam[ine], question or gather information" concerning the situation involving Officer Quick, "ignored the damages" committed against Plaintiff, and failed to question why the City of Tool failed to comply with its own policies.[6]

## Applicable Law

Defendants seek dismissal for insufficient service of process and failure to state a claim. A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5) is determined by the legal sufficiency of the service of process. In response to a motion to dismiss, the burden is on the plaintiff to demonstrate its validity. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Federal Rule of Civil Procedure 4(e) governs service on an individual within a judicial district of the United States. The Rule permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). As this suit was brought in the Eastern District of Texas, Plaintiff may accomplish service in any manner authorized by Texas law or the jurisdiction in which each defendant is served.

When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005).

---

[6] Plaintiffs' [Sur-Reply] to Defendants' [Reply], ECF 51, at *8.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965–66 n. 5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## Discussion and Analysis

*Service of Process*

Service of process on a local government can be accomplished by (1) delivering a copy of the summons and complaint to the chief executive officer; or (2) serving a copy in the manner prescribed by that state's law. FED. R. CIV. P. 4(j). The law in Texas allows service of process to "be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested." *Ellibee v. Leonard*, 226 F. App'x 351, 356 (5th Cir. 2007) (citing TEX. R. CIV. P. 106(a)). The return of service by certified mail must include a certified mail receipt with the addressee's signature. TEX. R. CIV. P. 107(c). Both the federal rules

and Texas rules specifically prohibit a party from serving process, even by mail. *Avdeef v. Royal Bank of Scotland, P.L.C*, 616 F. App'x, 665, 672 (5th Cir. 2015); FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); TEX. R. CIV. P. 103 ("No person who is a party to or interested in the outcome of a suit may serve any process in that suit."). "There is no exception for pro se litigants." *Id.*

Here, Plaintiff does not dispute that he attempted to serve Henderson County himself. Plaintiff has not properly effected service of process on Henderson County because he—a party—attempted to serve it by certified mail. To give effective service of process, Plaintiff must have a non-party serve the complaint and summons to Henderson County by one of the means listed in Rule 4(j). Plaintiff has not met his burden of demonstrating valid service.

*Municipal Liability*

Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986). Suits against municipalities under § 1983 must show an official policy that caused a violation of another's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978).

Here, Plaintiff does not identify an official policy of the county that caused a violation of his constitutional rights. Primarily, Plaintiff complains that Officer Quick was not prosecuted for allegedly violating Texas law. Plaintiff does not explain, however, how his personal constitutional rights are violated when a third party is not charged with a crime. Instead, Plaintiff repeatedly uses

7

conclusory statements to allege that his constitutional rights have been violated and that the county violated a policy or custom. Conclusory allegations are not sufficient to overcome dismissal pursuant to Rule 12(b)(6). *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Plaintiff has not stated a claim against Henderson County.

*Prosecutorial Immunity*

Palmer asserts that she is entitled to absolute prosecutorial immunity. A prosecutor, in her individual capacity, enjoys absolute immunity from a § 1983 lawsuit that is brought concerning actions within the scope of the prosecutor's duties. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984 (1976); *see also Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996). Prosecutors are absolutely immune for "their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934 (1991) (citations omitted). A prosecutor enjoys qualified immunity for other actions that are "performed in the course of 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (citing *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016)).

Plaintiff's allegations against Palmer solely relate to her decision concerning whether to initiate a case against a third party. Plaintiff expresses a great deal of frustration with Palmer's decision not to pursue charges against Officer Quick and not to present a case to the grand jury. These alleged actions are intimately associated with Palmer's prosecutorial duties of initiating and presenting a case. Plaintiff has not alleged facts against Palmer sufficient to overcome her absolute prosecutorial immunity and the claims against her should be dismissed with prejudice. As a result of Palmer's absolute prosecutorial immunity on the claims asserted, the Court does not reach Plaintiff's alternative ground for dismissal on the basis of qualified immunity.

**Conclusion**

For all of these reasons, the motion to dismiss should be granted. Regardless of whether service was properly perfected, the claims should be dismissed with prejudice for failure to state a claim. FED. R. CIV. P. 12(b)(6). Plaintiff, proceeding *pro se*, was previously apprised of the deficiencies in his claims and had an opportunity to file an amended pleading. The amended complaint does not correct the deficiencies in his claims against Henderson County or Palmer and they should be dismissed.

**RECOMMENDATION**

It is recommended that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF 39) be granted and the claims against Henderson County, Texas, and Henderson County District Attorney Jenny Palmer be dismissed with prejudice.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 1st day of September, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE