IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| THEODORE KHNANISHO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-410-JDK-KNM |
| CHIEF REID ROSSMANN, et al., | § § § | |
| Defendants. | § § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Theodore Khnanisho, proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On September 1, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants Henderson County, Texas and Henderson County District Attorney Jenny Palmer's motion to dismiss and dismiss Plaintiff's claims against these Defendants with prejudice. Docket No. 52. Plaintiff filed written objections. Docket No. 54.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff attempts to clarify the facts underlying his claims. But the objections do not respond to the Report's finding that Plaintiff has not identified an official county policy that caused a violation of his constitutional rights, as required to maintain a § 1983 claim against the county. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, (1978). Further, concerning District Attorney Palmer, Plaintiff's objections do not allege facts that would overcome absolute prosecutorial immunity. Plaintiff's allegations against Palmer relate to her handling of an investigation into Plaintiff's allegations of misconduct by Officer Quick. Palmer is entitled to absolute prosecutorial immunity for her actions and her ultimate decision not to pursue charges against Officer Quick because both are within the scope of her duties as a prosecutor. *Burns v. Reed,* 500 U.S. 478, 486, (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31, (1976).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 52) as the opinion of the District Court. The Court GRANTS Defendants Henderson County, Texas and Jenny Palmer's motion to dismiss (Docket No. 39). Plaintiff's claims against these Defendants are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **26th** day of **September, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE