IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THEODORE KHNANISHO,           §<br>                               §<br>    Plaintiff,                 §<br>                               §<br>v.                             §   Case No. 6:22-cv-410-JDK-KNM<br>                               §<br>CHIEF REID ROSSMANN, et al.,   §<br>                               §<br>    Defendants.                §<br>                               § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Theodore Khnanisho initiated this pro se lawsuit seeking relief pursuant to various federal and state laws. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants Reid Rossmann, Amy Meyers, Justin Quick, Todd Deviney, and Julius Kizzee's motion for summary judgment (Docket No. 70). On September 24, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court grant the motion and dismiss Plaintiff's federal claims with prejudice and state law claims without prejudice for lack of subject matter jurisdiction. Docket No. 83. Plaintiff objected. Docket No. 85.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff submits conclusory statements that Defendants knew or should have known that their conduct violated his rights, improperly forced him to resign or face a dishonorable discharge, and lied about the incident involving Officer Quick. The objections do not point to genuine issues of material fact precluding summary judgment. And Plaintiff fails to substantively address the Report's finding that he has not established a violation of his First Amendment right to free speech, a violation of the equal protection clause, an official policy that violated his constitutional rights, retaliation for a Title VII protected activity, or a waiver of sovereign immunity for the state law claims. While Plaintiff argues that certain facts concerning his termination are in dispute, those facts are not material to the resolution of Plaintiff's claims. Accordingly, Defendants are entitled to judgment as a matter of law.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 85) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 83) as the opinion of the District Court. Defendants' summary judgment motion (Docket No. 70) is **GRANTED**. Plaintiff's claims brought pursuant to Texas Government Code §§ 554.001, et seq. and 614.023

are **DISMISSED** without prejudice for lack of subject matter jurisdiction. Plaintiff's remaining claims, brought pursuant to federal law, are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **10th** day of **October, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE